■ NORTH COUNTRY SHOPPING CENTER, INC., Respondent, v. SEARS, ROEBUCK AND CO., Appellant.— Defendant appeals from an order entered July 17, 1962, which denied its motion to vacate plaintiff's notice of examination before trial. The order appealed from is unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, the motion to vacate granted, with $10 costs, but without prejudice to renewal after disposition of the pending motion for summary judgment should same prove feasible. This

action, variously designated an action for specific performance of an agreement to execute a lease, and an action for specific performance of a lease was commenced on March 27, 1962. Issue was joined by service of an answer on May 21, 1962. On June 12, 1962, defendant moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice, contending, *inter alia*, that as a matter of law the writings upon which plaintiff is suing are not in compliance with the Statute of Frauds. By notice dated June 25, 1962, and while the motion for summary judgment was pending, plaintiff moved to examine defendant before trial. Defendant then moved to vacate the notice for examination before trial. That motion was denied and defendant appeals therefrom. The question before us is whether, in the circumstances of this case, plaintiff should be granted the right to an examination before trial, prior to disposition of the pending motion for summary judgment. The defendant's motion is based principally upon the documentary evidence which it argues is, as a matter of law, insufficient. Unless the plaintiff by affidavit or other proof raises an issue with respect to the verity and conclusiveness of such evidence, or presents facts which would justifiably warrant the court to conclude there is an arguable claim, and that equitably it should grant precedence to the motion to examine, the motion for summary judgment should be disposed of instanter (Rules Civ. Prac., rule 113). No such evidence appears in this record. To permit an examination while a prior motion for summary judgment is pending, upon the hope of a party that it may obtain information to bolster its claim or defense, is to evade the determination the court is required to make under rule 113, that is, whether triable issues exist. If they do not exist parties should not be harassed unnecessarily. If they do exist the court should so declare, and all proper procedures may thereafter be utilized. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.